# United States District Court
## for the Southern District of Georgia
### Brunswick Division

BENJAMIN T. CATHEY,        :         CIVIL ACTION

    Plaintiff,          :

       v.              :

WILLIAM T. SWEENEY, as    :
Administrator for the Board
of Trustees of the PLUMBERS  :
AND PIPEFITTERS NATIONAL
PENSION FUND, and the     :
PLUMBERS AND PIPEFITTERS
NATIONAL PENSION FUND,    :

    Defendants.    ·    :      NO. CV205-202

## O R D E R

Plaintiff, Benjamin T. Cathey, filed this action against Defendants, William T. Sweeney, as Administrator of the Board of Trustees of the Plumbers and Pipefitters National Pension Fund, and the Plumbers and Pipefitters National Pension Fund, seeking review of his pension benefit calculation. Before the Court are several motions. Plaintiff filed a motion for partial summary judgment, injunctive relief, and revocation of R. Richard Hopp's pro hac vice admission. Defendants filed a

cross motion for summary judgment. The Court heard oral arguments on April 18, 2006. On the same date, Defendants filed a motion for summary judgment addressing Plaintiff's benefit calculations. Because the Court finds that Plaintiff failed to exhaust his administrative remedies, Plaintiff's motion will be **DENIED**, Defendants' motion for summary judgment addressing Plaintiff's benefit calculation will be **DENIED**, and Defendants' cross motion will be **GRANTED IN PART and DENIED IN PART**.

## FACTS

Plaintiff is a participant in the Plumbers and Pipefitters National Pension Fund. Plaintiff submitted his Application for Pension in February 2004, and was awarded pension benefits in the amount of $634/month.[1] He timely filed an appeal seeking review of the award. In his notice of appeal, Plaintiff provided no basis for his "belief" that the benefit amount should be three times the calculated amount. Relying on subsequent communications with Plaintiff, the plan trustees

---

[1] The original award amount was $607/month. An upward adjustment was made to the monthly pension amount in September 2004 as a result of contributions made on Plaintiff's behalf after the initial benefit determination, as well as additional past service credit for 1971.

2

considered Plaintiff's separation incurred between 1990 and 1996 in reviewing, and affirming, the pension benefit amount.

Plaintiff filed the above action seeking review of the pension benefit calculation and asserting that he was entitled to a monthly pension benefit in the amount of $1,537. In his complaint, Plaintiff alleged that Defendants erred in calculating the amount by: (i) failing to award credit for a return to covered service; and (ii) failing to waive Plaintiff's most recent break in service, as required pursuant to the pension plan modification.

During discovery, Plaintiff alleged additional errors in the benefit amount calculation. In his interrogatory responses, Plaintiff contended that: (i) his highest contribution rate should have been higher; (ii) he was entitled to additional past service credit from 1958 through 1971; and (iii) he was entitled to additional future service credit.

Upon review of the Pension Application Analysis Form provided during discovery, Plaintiff further alleged that he was arbitrarily denied past service credit for some years from 1957 through 1971, while being awarded credit for others, even though the factors were indistinguishable throughout the entire period. Defendants contend, while investigating these new

3

allegations of error, it was discovered that Plaintiff was improperly awarded past credit for certain years during the period in question. Based on this discovery, Defendants advised Plaintiff that his benefit amount would be reduced by $69 and provided him with the administrative appeal procedure.

Plaintiff has filed a motion for partial summary judgment, asserting that Defendants' benefit calculation was wrong and, therefore, arbitrary and capricious, and requesting a preliminary injunction enjoining Defendants from reducing the benefit amount by $69. Plaintiff further requests defense counsel Hopp's pro hac vice admission be revoked.

In addition to opposing Plaintiff's requests, Defendants have filed a cross motion for summary judgment requesting the action be dismissed without prejudice in order for Plaintiff to exhaust the administrative appeal process and afford Defendants an opportunity to review Plaintiff's newly alleged claims of error in the benefit calculation. On the same date the Court heard oral arguments on the parties' pending motions, Defendants filed a motion for summary judgment addressing Plaintiff's substantive allegations of error in his benefit calculation.

AO 72A
(Rev. 8/82)

## DISCUSSION

### I.   Summary Judgment Standard

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L. Ed. 2d 176 (1962); Harris v. Coweta County, 433 F.3d 807, 811 (11th Cir. 2005). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).


### II.   Failure to Exhaust

All employee benefit plans must be established, maintained, and administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. See 29 U.S.C. § 1003(a)(1). "ERISA has two central goals: (1) protection of the interests of employees and their beneficiaries in employee

AO 72A
(Rev. 8/82)

benefit plans . . . ; and (2) uniformity in the administration of employee benefit plans . . .." Heffner v. Blue Cross & Blue Shield of Ala., Inc., 443 F.3d 1330, 1333 (11th Cir. 2006). ERISA enables a participant or beneficiary of an employee welfare plan to bring a civil suit in federal court for the purpose of either recovering benefits due under the terms of the plan, or to enforce certain rights under its terms.   29 U.S.C. § 1132(a)(1)(B).

Although the ERISA statute itself does not contain an administrative exhaustion requirement, the Eleventh Circuit first recognized "a court-imposed, policy-based [exhaustion] requirement" in Mason v. Continental Group, Inc., 763 F.2d 1219, 1226-27 (11th Cir. 1985).   See Watts v. BellSouth Communications, Inc., 316 F.3d 1203, 1207 (11th Cir. 2003). The primary reasons for requiring the exhaustion of administrative remedies are: 1) to permit the exercise of agency discretion and expertise on issues requiring these characteristics; 2) to allow the full development of technical issues and a factual record prior to court review; 3) to prevent deliberate disregard and circumvention of agency procedures established by Congress; and 4) to avoid unnecessary judicial decisions by giving the agency the first opportunity

AO 72A
(Rev. 8/82)

to correct any error.  See <u>N.B. by D.G. v. Alachua County School Bd.</u>, 84 F.3d 1376, 1378-79 (11th Cir. 1996) (citations omitted).

While the district court has discretion, the Eleventh Circuit has traditionally required strict enforcement of the exhaustion requirement on plaintiffs bringing ERISA claims in federal court with only limited exceptions. <u>Perrino v. S. Bell Tel. & Tel. Co.</u>, 209 F.3d 1309, 1315 (11th Cir. 2000) (citing <u>Springer v. Wal-Mart Assocs. Group Health Plan</u>, 908 F.2d 897, 899 (11th Cir. 1990)).  The Circuit has recognized exceptions only when resort to administrative remedies would be futile or the remedy inadequate. <u>M.T.V. v. DeKalb County School Dist.</u>, 446 F.3d 1153, 1159 (11th Cir. 2006).

Plaintiff's argument demonstrates neither exception. Instead, Plaintiff contends that his general challenge to the benefit amount during the appeal procedure was sufficient to encompass all new allegations of error asserted during judicial review.[2]  The summary plan description provides the substantive appeal procedures under the subject pension plan:

> Your written appeal should state the reasons for your appeal.  This does not mean that you are required to

---

[2]    Plaintiff also argues that Defendants waived the failure to exhaust defense because an amended answer was never filed.  As previously indicated, the amended answer was filed nunc pro tunc on April 7, 2006.

cite all applicable Plan provisions or to make
"legal" arguments; however, you should state clearly
why you believe you are entitled to the benefit you
claim or why you disagree with a Fund policy,
determination or action.

(Defs.' Opp'n, Ex. 7 at pg. 37.)   Thus, while the Court
recognizes that a plaintiff need not set out all legal theories
relied upon (see Wolf v. Nat'l Shopmen Pension Fund, 728 F.2d
182, 186 (3rd Cir. 1984)), the plan requires the plaintiff
state the reasons he disagrees with the plan determination.

The Court finds that Plaintiff's notice of appeal was
insufficient as a matter of law.   In his notice, Plaintiff
asserted that he "disagree[d] with the amount ($607.00) that
the fund office [wa]s saying that [he was] due," and that
"[t]he way [he] look[ed] at this [he] should be drawing three
times that amount."   (See Defs.' Opp'n, Ex. 8, Pl.'s April 26,
2004 Appeal Notice.)   Thus, he failed to identify any reason
for his belief that he was entitled to three times the
calculated benefit amount.   In light of the fact that the
benefit calculation is based on twenty distinct pieces of
information, Plaintiff's failure to provide the plan trustees
with any basis for his assertion foreclosed the trustees from
conducting a full review of the previous determination as
required under the terms of the plan.

It is not the Court's function to determine in the first instance questions of pension plan construction and coverage, as Congress left these issues to pension committees through enactment of ERISA.  <u>Brown v. Babcock and Wilcox Co.</u>, 589 F.Supp. 64, 68 (S.D. Ga. 1984).  As previously noted by the Court, where courts have been confronted with issues of coverage and denial of pension benefits, they have strictly enforced the exhaustion doctrine to permit development of a full factual record prior to a federal suit, to take advantage of internal expertise, and to encourage settlement of the dispute before resorting to federal court.  <u>Id.</u>  The Court concludes that the foregoing policy reasons underlying the exhaustion requirement will best be served by affording the plan trustees an opportunity for a full review of all of Plaintiff's allegations of error.  In this manner, the Court will have a complete, consolidated administrative record for any subsequent review.

III.    <u>**Injunctive Relief**</u>

Plaintiff further requests that Defendants be enjoined from reducing his benefit amount.  To be entitled to temporary injunctive relief, Plaintiff must demonstrate: (a) a likelihood

9

of success on the merits of his claim; (b) a substantial threat that he will suffer irreparable harm if an injunction is not granted; (c) that his threatened injury outweighs the harm the injunction might cause the Defendants; and (d) that granting the injunction will not disserve the public interest. <u>Schiavo v. Schiavo</u>, 403 F.3d 1223, 1226 (11th Cir.), <u>reh'g en banc denied</u>, 403 F.3d 1261 (2005). "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." <u>N.E. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City</u>, 896 F.2d 1283,1285 (11th Cir. 1990); <u>United Steelworkers of Am., AFL-CIO-CLC v. USX Corp.</u>, 966 F.2d 1394, 1404 (11th Cir.), <u>reh'g denied</u>, 977 F.2d 600 (1992), <u>cert. denied</u>, 507 U.S. 961, 113 S.Ct. 1386, 122 L.Ed.2d 762 (1993) (The principal prerequisite for injunctive relief is the absence of an adequate legal remedy."). In most cases, the applicant establishes this prerequisite by showing that it will suffer irreparable harm if the court does not intervene. <u>United Steelworkers of Am., AFL-CIO-CLC</u>, 966 F.2d at 1404 (citations and punctuation omitted).

An injury is "irreparable" only if it cannot be undone through monetary remedies. <u>N.E. Fla. Chapter of Ass'n of Gen. Contractors of Am.</u>, 896 F.2d at 1285. "The key word in this

consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974) (citations omitted).

Plaintiff has failed to establish that he will suffer irreparable harm absent the injunctive relief sought. Plaintiff seeks to enjoin Defendants from reducing his benefit amount by $69 during the pendency of this action. There is no evidence in the record that any injury resulting from a reduction in Plaintiff's benefit amount could not be readily undone through monetary remedies.


IV. **Pro Hac Vice Revocation**

Finally, Plaintiff requests revocation of defense counsel, R. Richard Hopp's, pro hac vice status. In Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553 (11th Cir. 1997), the Eleventh Circuit set forth both the procedural and substantive requirements of denying a pretrial motion to appear pro hac

11

vice.  Procedurally, if the Court has evidence of behavior that it believes justifies a denial of admission pro hac vice, the court must provide the attorney with adequate notice of the ethical charges against him and the court must set a hearing on the issue.  Schlumberger, 113 F.3d at 1559.  Substantively,

> Admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court. An applicant for admission pro hac vice who is a member in good standing of a state bar may not be denied the privilege to appear except on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court.

Schlumberger, 113 F.3d at 1559 (citing In re Evans, 524 F.2d 1004, 1007 (5th Cir. 1975)).

Plaintiff asserts several bases for his request that Hopp's pro hac vice admission be revoked.[3] The greatest points of contention appear to be Hopp's position that Plaintiff did not experience a break in service, comments made by Hopp to Plaintiff at Plaintiff's deposition, Hopp's assertion that documents were not provided to Plaintiff because Plaintiff had not offered to pay for them, and Hopp's assertion that

---

[3]      Plaintiff avers that Hopp's failure to file an amended answer after the Court granted him permission to do so is also conduct warranting revocation.  As the amended answer was filed nunc pro tunc on April 7, 2006, this argument is moot.

12

Plaintiff's failure to withdraw the complaint may result in Rule 11 sanctions. Plaintiff further contends that the reduction in benefits is an effort to force Plaintiff to "abandon his suit and re-enter the administrative process." The Court finds that none of these allegations, even if true, rise to a level sufficient to warrant revocation of Hopp's pro hac vice admission.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the foregoing reasons, Plaintiff's motion for partial summary judgment, injunctive relief, and pro hac vice revocation (Doc. No. 15) is **DENIED**, Defendants' motion for summary judgment (Doc. No. 30) is **DENIED**, and Defendants' cross motion for summary judgment (Doc. No. 19) is **GRANTED IN PART and DENIED IN PART**.

Defendants' motion to dismiss Plaintiff's complaint without prejudice is **DENIED**. Defendants' motion requesting that this matter be remanded is **GRANTED**.

Accordingly, the Court **STAYS** these proceedings and **REMANDS** the case to the plan administrator to afford the board of trustees an opportunity to address and resolve Plaintiff's new

AO 72A
(Rev. 8/82)

allegations of error and the recent reduction in his benefit calculation within ninety (90) days from the date of entry of this Order.

     **SO ORDERED**, this _____ day of July, 2006.


_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

14