# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DISTRICT COURT

2007 MAY -8 P 2:23

| | | |
|---|---|---|
| BENJAMIN T. CATHEY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| WILLIAM T. SWEENEY, as Administrator for the Board of Trustees of the PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, and the PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, | : : : : | |
| Defendants. | : | NO. CV205-202 |

## O R D E R

This case is presently before the Court on Plaintiff's objection to the bill of costs filed by Defendants, William T. Sweeney and the Plumbers and Pipefitters National Pension Fund. Having examined Defendants' bill of costs and Plaintiff's objections thereto, said objections will be **SUSTAINED IN PART and OVERRULED IN PART**.

**DISCUSSION**

Defendants have requested the Clerk tax costs in the amount of $855.25. Plaintiff objects to the amount Defendants seek to tax as costs fees for the deposition transcript of Plaintiff in the amount $447, copies of discovery documents in the amount of $131.25, and the pro hac vice admission application fee for R. Richard Hopp in the amount of $100.

Rule 54(d) of the Federal Rules of Civil Procedure provides for allowance of costs to the prevailing party. It states, in part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .

Fed. R. Civ. P. 54(d). There is a strong presumption under this rule in favor of awarding costs. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007); Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001).

A district court, however, does not have unfettered discretion to reimburse a prevailing party, and must limit its award of costs to the list of items set forth in 28 U.S.C. § 1920 and other related statutes. Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002),

AO 72A
(Rev. 8/82)

cert. denied, 537 U.S. 1190, 123 S.Ct. 1260, 154 L.Ed.2d 1023 (2003); E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)), reh'g & reh'g en banc denied, 233 F.3d 580 (2000). These items include: fees of the clerk, fees of the court reporter for the stenographic transcript necessarily obtained for use in the case, and fees for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C. §§ 1920(1),(2), & (4).

## I. Pro Hac Vice Admission Application Fee

There is a split of authority over whether pro hac vice fees are recoverable under 28 U.S.C. § 1920 as fees of the clerk. See 28 U.S.C. § 1920(1); Compare Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp. 2d 1065 (D. Kan. 2005) and Davis v. Puritan-Bennett Corp., 923 F. Supp. 179, 181 (D. Kan. 1996) (cost awarded), with Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998) (cost denied as not a statutory fee), Romero v. United States, 865 F. Supp. 585, 594 (E.D. Mo. 1994) (cost denied as expense of counsel not normally charged to fee paying client), and Schmitz-Werke GmbH + Co. v. Rockland Indus., Inc.,

AO 72A
(Rev. 8/82)

271 F. Supp. 2d 734, 735 (D. Md. 2003) (cost denied for reasoning articulated in Romero). The Court is persuaded by the reasoning in Schmitz-Werke and Romero. The pro hac vice fee is an expense of counsel, not the client, and is thus not recoverable.

## II. Deposition Transcript Costs

Under 28 U.S.C. § 1920(2), taxable costs may include fees of the court reporter for "all or any part of the stenographic transcript necessarily obtained for use in the case." Depositions are included in the phrase "stenographic transcript." W & O, Inc., 213 F.3d at 620 (citing United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963)). In determining whether the cost of a particular deposition is taxable, "the district court must evaluate the facts of each case and determine whether . . . any or all of the deposition[] was necessarily obtained for use in the case." Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B June 1981)[1] (quoting Kolesar, 313 F.2d at 840). District courts have great

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all decisions by the Fifth Circuit Court of Appeals issued prior to October 1, 1981, as binding precedent on this Court.

4

latitude in determining whether a deposition was "necessarily obtained" for use in the case. Id. "The determination of necessity is made from the perspective of the litigant at the time of incurring the expense, not from hindsight after trial." Coleman v. Roadway Express, 158 F. Supp. 2d 1304, 1310 (M.D. Ala. 2001); see also Maris Distrib. Co., 302 F.3d at 1224-25 (affirming district court's conclusion that deposition costs should be taxed because the individuals that had been deposed were identified as potential witnesses and depositions thus were necessary in light of the facts known to the prevailing party at the time the deposition was taken).

Plaintiff argues that his deposition was unnecessarily taken in this case. The Court finds this argument without merit and, thus, concludes that Plaintiff's deposition was reasonably necessary for trial preparation and for possible use at trial in light of the facts known to Defendants at the time the deposition was taken. Because Plaintiff's deposition was reasonably necessary and because plaintiff has not objected to any of the itemized costs in the deposition invoice, the Court concludes that the $447 deposition fee is properly taxable.

AO 72A
(Rev. 8/82)

III.  **Copies of Discovery Documents**

Generally, a prevailing party may be reimbursed for the cost of photocopying attributable to discovery under W&O, Inc., 213 F.3d at 623 (citing Desisto Coll., Inc. v. Town of Howey-in-the Hills, 718 F.Supp. 906, 913 (M.D. Fla. 1989)); Fressell v. AT & T Techs., Inc., 103 F.R.D. 111, 115 (N.D. Ga. 1984). Plaintiff, however, argues that he should not taxed for the cost of photocopying for discovery documents contained in the administrative claims file because Defendants advised Plaintiff that he had "the right to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to [his] application for benefits." (Sweeney June 15, 2004 Letter, Doc. No. 26, Pl.'s Resp. To Defs.' Cross Mot. For Summ. J., Ex. B.)

In light of Defendants' failure to respond to this objection, the Court is unable to determine whether all of the documents provided to Plaintiff in discovery fall into those which Plaintiff was entitled to receive free of charge. If Plaintiff was, in fact, entitled to those documents free of charge, he should not be taxed for the photocopies simply because they were provided through the discovery process as they were not "necessarily obtained for use in the case." See

6

AO 72A
(Rev. 8/82)

documents supplied to Plaintiff which Plaintiff was entitled to free of charge is disallowed.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' objections to Defendants' bill of costs (Doc. No. 53) are **SUSTAINED IN PART and OVERRULED IN PART**. The Court concludes that Defendants are entitled to recover a total of $624.

Plaintiff's objections to the bill of costs in the amount of $100 for the pro hac vice admission application fee and in the amount of $133.25 for costs to copy documents supplied to Plaintiff in response to discovery requests are **SUSTAINED**. Plaintiff'S objection to Defendants' bill of costs in the amount of $447 for the deposition transcript of Plaintiff is **OVERRULED**.

The Clerk of Court is hereby **AUTHORIZED and DIRECTED** to tax $624 against Plaintiff, Benjamin T. Cathey.

**SO ORDERED**, this ____8th____ day of May, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)